

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

271 Cadman Plaza East
Brooklyn, New York 11201

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ SEP 0 3 2019 ★

BROOKLYN OFFICE

DMP/SK/JMH
F. #2015R00517

September 3, 2019

By ECF and By Hand

**CR 19-402**

Clerk of the Court
(for forwarding to the randomly assigned U.S. District Judge)
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**JOHNSON, J.**

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**BULSARA, M.J.**

Re: <u>United States v. Ruslan Maratovich Asainov</u>

Dear Clerk of the Court and Judge Garaufis:

Pursuant to Local Rule 50.3.2, the government hereby notifies the Court that the above-captioned case is presumptively related to <u>United States v. Mirsad Kandic</u>, No. 17-CR-449 (NGG) ("<u>Kandic</u>"), and respectfully requests that it be reassigned to Judge Garaufis.

Local Rule 50.3.2(b)(1) provides for a "presumption that one case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transactions(s), or event(s), even if different defendants are involved in each case." Local Rule 50.3.2(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to Section (b)(1)." The same Local Rule further instructs the government to "state clearly whether its purpose is . . . [to] seek[] reassignment."

This letter constitutes the notice directed by Local Rule 50.3.2(c)(1). This case is presumptively related to <u>Kandic</u> because the facts of Asainov's case arise out of the same criminal schemes and events charged in <u>Kandic</u>. Specifically, the defendants in both cases conspired together to provide material support and resources to the Islamic State of Iraq and al-Sham ("ISIS"), a designated foreign terrorist organization. They both travelled

from Brooklyn, New York, where they knew each other, to Istanbul, Turkey, where they arrived on the same day, and made their way to Syria to join and work for ISIS. Indeed, in an April 15, 2015, message sent over a social media application, Asainov referred to Kandic as "my friend he is in Turkey" and "the brother who made a road for me for jihad and he gave me dawa [i.e., religious advice] about it and with him I have entered Sham [Syria]."

In addition, there is some overlap in witnesses and evidence against both defendants. For example, both defendants were in contact with an NYPD confidential informant (the "CI"). Asainov sought to obtain funds from the CI to purchase weapons and equipment for ISIS. See ECF No. 5, ¶¶ 9-18 (redacted complaint). Kandic was to serve as the middle-man for that transaction.

As the case is thus presumptively related, the government respectfully submits that reassignment would be appropriate, as it would likely result in a "significant savings of judicial resources," and would "serve the interests of justice." See Local Rule 50.3.2(b)(2).

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By: /s/ J. Matthew Haggans
Douglas M. Pravda
Saritha Komatireddy
J. Matthew Haggans
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (NGG) (By ECF)
James Branden & Bobbi Sternheim, Esqs. (By Email)
    (Attorneys for Mirsad Kandic)
Susan Kellman, Esq. (By Email)
    (Attorney for Ruslan Maratovich Asainov)