RMT:DMP/SK/JMH
F.#2015R00517

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

RUSLAN MARATOVICH ASAINOV,
    also known as "Suleiman Al-Amriki"
    and "Suleiman Al-Kazakhi,"

                Defendant.

- - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

I N D I C T M E N T

Cr. No. **CR 19-402**

(T. 18, U.S.C., §§ 981(a)(1)(C), 981(a)(1)(G),
1512(b)(2), 1512(c)(1), 1512(c)(2), 2339B(a)(1),
2339D(a), 2 and 3551 et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C., § 2461(c))

**JOHNSON, J.**

**BULSARA, M.J.**

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.    The defendant RUSLAN MARATOVICH ASAINOV, also known as
"Suleiman Al-Amriki" and "Suleiman Al-Kazakhi," was a naturalized citizen of the United
States, and a former resident of Brooklyn, New York.

2.    On or about October 15, 2004, the United States Secretary of State
designated al-Qaeda in Iraq ("AQI"), then known as Jam'at al Tawid wa'al-Jahid, as a
Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and
Nationality Act and as a Specially Designated Global Terrorist entity under section 1(b) of
Executive Order 13224.

3.    On or about May 15, 2014, the Secretary of State amended the
designation of AQI as an FTO under Section 219 of the Immigration and Nationality Act and

as a Specially Designated Global Terrorist entity under section 1(b) of Executive Order

13224 to add the alias Islamic State of Iraq and the Levant ("ISIL") as the FTO's primary

name.  The Secretary of State also added the following aliases to the FTO listing: The

Islamic State of Iraq and al-Sham ("ISIS"—which is how the FTO will be referenced herein),

The Islamic State of Iraq and Syria, ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-Sham, Daesh,

Dawla al Islamiya and Al-Furquan Establishment for Media Production.  In an audio

recording publicly released on June 29, 2014, ISIS announced a formal change of its name to

the Islamic State.  On or about September 21, 2015, the Secretary of State added the

following aliases to the FTO listing: Islamic State, ISIL and ISIS.  ISIS remains a designated

FTO.

## COUNT ONE
(Conspiracy to Provide Material Support to a Foreign Terrorist Organization)

4.     The allegations contained in paragraphs one through three are realleged

and incorporated as if fully set forth in this paragraph.

5.     In or about and between December 2013 and March 2019, both dates

being approximate and inclusive, within the Eastern District of New York, the extraterritorial

jurisdiction of the United States and elsewhere, the defendant RUSLAN MARATOVICH

ASAINOV, also known as "Suleiman Al-Amriki" and "Suleiman Al-Kazakhi," together with

others, did knowingly and intentionally conspire to provide material support and resources,

as defined in Title 18, United States Code, Section 2339A(b), including property, services

and personnel, including himself and others, to a foreign terrorist organization, to wit: ISIS,

which at all relevant times was designated by the Secretary of State as a foreign terrorist

organization, pursuant to Section 219 of the Immigration and Nationality Act, knowing that

ISIS was a designated foreign terrorist organization and that ISIS had engaged in and was

engaging in terrorist activity and terrorism, and the defendant was a national of the United

States (as defined in Section 101(a)(22) of the Immigration and Nationality Act), the offense

occurred in and affected interstate and foreign commerce and, after the conduct required for

this offense occurred, the defendant was brought into and found in the United States, and the

offense resulted in the death of one or more persons.

(Title 18, United States Code, Sections 2339B(a)(1) and 3551 et seq.)

## COUNT TWO
(Provision and Attempted Provision of Material Support to a Foreign Terrorist Organization)

6.    The allegations contained in paragraphs one through three are realleged

and incorporated as if fully set forth in this paragraph.

7.    In or about and between December 2013 and March 2019, both dates

being approximate and inclusive, within the Eastern District of New York, the extraterritorial

jurisdiction of the United States and elsewhere, the defendant RUSLAN MARATOVICH

ASAINOV, also known as "Suleiman Al-Amriki" and "Suleiman Al-Kazakhi," together with

others, did knowingly and intentionally provide and attempt to provide material support and

resources, as defined in Title 18, United States Code, Section 2339A(b), to wit: personnel,

including himself and others, to a foreign terrorist organization, to wit: ISIS, which at all

relevant times was designated by the Secretary of State as a foreign terrorist organization,

pursuant to Section 219 of the Immigration and Nationality Act, knowing that ISIS was a

designated foreign terrorist organization and that ISIS had engaged in and was engaging in

terrorist activity and terrorism, and the defendant was a national of the United States (as defined in Section 101(a)(22) of the Immigration and Nationality Act), the offense occurred in and affected interstate and foreign commerce and, after the conduct required for this offense occurred, the defendant was brought into and found in the United States.

(Title 18, United States Code, Sections 2339B(a)(1), 2 and 3551 et seq.)

## COUNT THREE
(Provision and Attempted Provision of Material Support to a Foreign Terrorist Organization)

8. The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

9. In or about and between December 2013 and March 2019, both dates being approximate and inclusive, within the Eastern District of New York, the extraterritorial jurisdiction of the United States and elsewhere, the defendant RUSLAN MARATOVICH ASAINOV, also known as "Suleiman Al-Amriki" and "Suleiman Al-Kazakhi," together with others, did knowingly and intentionally provide and attempt to provide material support and resources, as defined in Title 18, United States Code, Section 2339A(b), to wit: property and services, including training, expert advice and assistance, weapons and explosives, to a foreign terrorist organization, to wit: ISIS, which at all relevant times was designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and Nationality Act, knowing that ISIS was a designated foreign terrorist organization and that ISIS had engaged in and was engaging in terrorist activity and terrorism, and the defendant was a national of the United States (as defined in Section 101(a)(22) of the Immigration and Nationality Act), the offense occurred in and affected

interstate and foreign commerce and, after the conduct required for this offense occurred, the defendant was brought into and found in the United States, and the offense resulted in the death of one or more persons.

(Title 18, United States Code, Sections 2339B(a)(1), 2 and 3551 et seq.)

## COUNT FOUR
(Receipt of Military-Type Training From a Foreign Terrorist Organization)

10.    The allegations contained in paragraphs one through three are realleged and incorporated as if fully set forth in this paragraph.

11.    In or about and between January 2014 and March 2019, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant RUSLAN MARATOVICH ASAINOV, also known as "Suleiman Al-Amriki" and "Suleiman Al-Kazakhi," together with others, did knowingly and intentionally receive military-type training, as defined in Title 18, United States Code, Section 2339D(c), from and on behalf of a foreign terrorist organization, to wit: ISIS, which at all relevant times was designated by the Secretary of State as a foreign terrorist organization, pursuant to Section 219 of the Immigration and Nationality Act, knowing that ISIS was a designated foreign terrorist organization and that ISIS had engaged in and was engaging in terrorist activity and terrorism, and the defendant was a national of the United States (as defined in Section 101(a)(22) of the Immigration and Nationality Act), the offense occurred in and affected interstate and foreign commerce and, after the conduct required for this offense occurred, the defendant was brought into and found in the United States.

(Title 18, United States Code, Sections 2339D(a), 2 and 3551 et seq.)

## COUNT FIVE
(Obstruction of Justice)

12.    The allegations contained in paragraphs one through three are realleged

and incorporated as if fully set forth in this paragraph.

13.    In or about and between November 2014 and March 2019, both dates

being approximate and inclusive, within the Eastern District of New York and the

extraterritorial jurisdiction of the United States, the defendant RUSLAN MARATOVICH

ASAINOV, also known as "Suleiman Al-Amriki" and "Suleiman Al-Kazakhi," together with

others, did: (i) knowingly and intentionally use intimidation, threaten and corruptly persuade

another person, and attempt to do so, and engage in misleading conduct toward another

person, with intent to cause and induce a person to withhold testimony, and withhold a

record, document and other object, from an official proceeding, to wit: a proceeding before a

federal grand jury in the Eastern District of New York relating to the commission and

possible commission of one or more terrorism offenses, including the offenses charged in

Counts One through Four (the "Grand Jury Terrorism Investigation"), and alter, destroy,

mutilate and conceal an object with intent to impair the object's integrity and availability for

use in an official proceeding, to wit: the Grand Jury Terrorism Investigation; and

(ii) knowingly, intentionally and corruptly alter, destroy, mutilate and conceal a record,

document and other object, and attempt to do so, with the intent to impair the object's

integrity and availability for use in an official proceeding, to wit: the Grand Jury Terrorism

Investigation, and obstruct, influence and impede an official proceeding, to wit: the Grand

Jury Terrorism Investigation, and attempt to do so.

(Title 18, United States Code, Sections 1512(b)(2), 1512(c)(1), 1512(c)(2), 2

and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE THROUGH FOUR

14.     The United States hereby gives notice to the defendant that, upon his

conviction of any of the offenses charged in Counts One through Four, the government will

seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and

Title 28, United States Code, Section 2461(c), which require any person convicted of such

offenses to forfeit any property, real or personal, constituting, or derived from proceeds

obtained directly or indirectly as a result of such offenses; and (b) Title 18, United States

Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c), which require

the forfeiture of all assets, foreign or domestic: (i) of any individual, entity or organization

engaged in planning or perpetrating any federal crime of terrorism (as defined in Title 18,

United States Code, Section 2332b(g)(5)) against the United States, citizens or residents of

the United States, or their property, and all assets, foreign or domestic, affording any person

a source of influence over any such entity or organization; (ii) acquired or maintained by any

person with the intent and for the purpose of supporting, planning, conducting or concealing

any federal crime of terrorism (as defined in Title 18, United States Code, Section

2332b(g)(5)) against the United States, citizens or residents of the United States, or their

property; (iii) derived from, involved in, or used or intended to be used to commit any federal

8

crime of terrorism (as defined in Title 18, United States Code, Section 2332b(g)(5)) against

the United States, citizens or residents of the United States, or their property; or (iv) of any

individual, entity or organization engaged in planning or perpetrating any act of international

terrorism (as defined in Title 18, United States Code, Section 2331) against any international

organization (as defined in Title 18, United States Code, Section 4309(b)) or against any

foreign Government.

15.    If any of the above-described forfeitable property, as a result of any act

or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Sections 981(a)(1)(C) and 981(a)(1)(G); Title

21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION AS TO COUNT FIVE

16.    The United States hereby gives notice to the defendant that, upon his

conviction of the offense charged in Count Five, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

17.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States

Code, Section 853(p); Title 28, United States Code, Section 2461(c))


A TRUE BILL

_____
FOREPERSON


RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. # 2015R00517
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*RUSLAN MARATOVICH ASAINOV,*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 981(a)(1)(C), 981(a)(1)(G), 1512(b)(2), 1512(c)(1),
1512(c)(2), 2339B(a)(1), 2339D(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c))

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____

*Douglas M. Pravda, Saritha Komatireddy and J. Matthew Haggans,
Assistant U.S. Attorneys, (718) 254-7000*