UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

United States of America,

        -against-

Ruslan Maratovich Asainov,

        Defendant.

**MEMORANDUM & ORDER**

**19-CR-402 (NGG) (SJB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Ruslan Asainov is charged with conspiring to provide and providing material support to a foreign terrorist organization, under 18 U.S.C. §§ 2339B(a)(1), 2; receiving military-type training from a foreign terrorist organization, under 18 U.S.C. § 2339D(a), 2; and obstruction of justice, under 18 U.S.C. § 1512. (Indictment (Dkt. 15).) Below the court responds to Asainov's motion to preclude expert sniper testimony ((Dkt. 104) ("Defs.' Sniper Motion") and Reply Memorandum in Support ((Dkt. 109) (Defs.' Reply).)

For the foregoing reasons, the court DENIES Asainov's motion IN PART and RESERVES JUDGMENT IN PART.[1]

## I. LEGAL STANDARD

"The purpose of an *in limine* motion is to aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).[2] "A court

---

[1] The court assumes the parties' familiarity with the factual background and procedural history in this matter. An in-depth description can be found in the court's January 13, 2023 Memorandum & Order.

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

will exclude evidence on a motion *in limine* only if it is clearly inadmissible on all potential grounds." *Laureano v. City of New York*, No. 17-CV-181 (LAP), 2021 WL 3272002, at *1 (S.D.N.Y. July 30, 2021). "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context." *Ohio Cas. Ins. Co. v. Twin City Fire Ins. Co.*, No. 14-CV-858 (NGG) (PK), 2019 WL 1365752, at *2 (E.D.N.Y. Mar. 26, 2019). At trial, the court may also exercise discretion "to alter a previous *in limine* ruling." *Luce v. United States*, 469 U.S. 38, 41-42 (1984).

## II. DISCUSSION

Asainov asks the court to bar the Government from calling Firearms Enforcement Officer Leonard Reloza or, in the alternative, FBI Special Agent Zaccury C. Guaragno to provide expert "sniper-related testimony" at trial. (*See* Defs.' Sniper Motion at 1.) He contends that the notification of a sniper expert was untimely under Federal Rule of Criminal Procedure (Fed. R. Crim. Pro.) 16; that the Government has not complied with expert disclosure requirements under this Rule for either potential sniper expert; and that Officer Reloza lacks qualifications to be a "sniper-related" expert. (*Id.*) Below the court responds to each of these objections.

### A. Legal Framework

As discussed in the court's January 13, 2023 Memorandum & Order, the admissibility of expert testimony is assessed under Federal Rule of Evidence 702 ("Rule 702") and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). This entails determining the expert's qualifications, reliability, and helpfulness, in addition to the risk of undue prejudice pursuant to Rule 403. *Nimely v. City of New York*, 414 F.3d 381, 396-97 (2d Cir. 2005). The Government's disclosure of expert witnesses must

also comply with Fed. R. Crim. Pro. 16. *See* Fed. R. Crim. Pro. 16(a)(1)(G).

### B. Analysis

#### 1. Timeliness Under Federal Rule of Criminal Procedure 16

The Government filed its disclosure regarding sniper-related testimony on January 4, 2023, (Dkt. 103), only 13 days before the scheduled start of trial on January 17, 2023. (*See* 12/19/2022 Minute Entry.) It had previously disclosed its intent to call Officer Reloza as a weapons expert, but not for testimony about sniper training and tactics, and had not disclosed Agent Guaragno at all. The Government filed supplemental disclosure regarding Agent Guaragno on January 10, 2023. (*See* Dkt. 114.)

The court finds that the Government's disclosure of sniper-related expert testimony, within two weeks of the previously scheduled trial date, was untimely under Fed. R. Crim. Pro. 16. *See United States v. Rosario*, No. 09-CR-415-2 (VEC), 2014 WL 6076364-2, at *5 (S.D.N.Y. Nov. 14, 2014) ("Two weeks before trial begins—but for the unique circumstances of this case—would not be timely in the context of a case that was reversed and remanded for trial five months ago."); *United States v. Cruz*, No. 21-CR-00502 (PMH), 2022 WL 17586274, at *4, n.3 (S.D.N.Y. Dec. 12, 2022) (listing cases where expert notice approximately four weeks before trial was found to be timely). Though Asainov was on notice that testimony related to snipers was likely, *see* Gov't Jan. 6 Expert Opp. (Dkt. 107) at 1, this did not obviate the Government's obligations to complete expert disclosure under Fed. R. Crim. Pro. 16 in a timely manner.[3] It is

---

[3] Asainov had knowledge that Officer Reloza would testify about weapons as far back as October 21, 2022, but he did not have notice that Officer Reloza would testify about snipers until January 4, 2023. The latter is the

3

clear from the record that the Government failed to do this. There is no indication that the Government proffered the "complete statement of opinions" that Officer Reloza would render on sniper-related topics until, at the earliest, January 4, 2023, or the complete statement that Agent Guaragno would give until, at the earliest, January 10, 2023.

The circumstances of the case also suggest that late disclosure was an "ambush [that] might well violate due process." *United States v. Tin Yat Chin*, 476 F.3d 144, 146 (2d Cir. 2007). Asainov was likely aware that testimony on snipers could arise at trial. But this alone would not have provided reason for him to retain an expert witness for cross-examination purposes. Only the Government's disclosure of its intention to call an expert to provide sniper-related testimony would provide such an impetus. "[T]he Government is . . . obligated to make discovery—particularly expert disclosures—in a timely fashion." *Rosario*, 2014 WL 6076364, at *5. It failed to do so here.

The court maintains substantial discretion in determining the remedy for a Rule 16 violation. *See* Fed. R. Crim P. 16(d)(2); *United States v. Miller*, 116 F.3d 641, 681 (2d Cir. 1997). The central question for the court is whether "the nondisclosure results in substantial prejudice to the defendant." *United States v. Adeniji*, 31 F.3d 58, 64 (2d Cir. 1994). "By substantial prejudice, [the court] mean[s] . . . the defendant must demonstrate that the untimely disclosure of the statement adversely affected some aspect of his trial strategy." *Id.* Asainov argues that this has been the result of the Government's late notice on his trial strategy. He informed the court that he was having difficulty procuring his

---

relevant date for assessing timeliness of expert notice under Fed. R. Crim. Pro. 16 for Officer Reloza's testimony regarding snipers.

4

own expert to vet the Government's sniper-related testimony on short notice.[4]

However, the court believes that the temporary trial adjournment from January 17, 2023 to January 23, 2023 remedies this prejudice. On January 13, 2023, the court delayed the start of trial until January 23, 2023. (*See* 1/13/2023 Minute Entry.) This adjournment gave Asainov more time to identify an expert sniper witness for purposes of cross-examining the Government's expert.[5] The court has been made aware that Asainov is seeking an expert for this purpose. In the court's view, the 6-day trial delay, coupled with the 13-day notice provided by the Government's January 4, 2023 disclosure, gives Asainov sufficient time to do this, and in turn, to avoid prejudice resulting from the Government's untimely disclosure.

The court therefore DENIES Asainov's motion to preclude the Government's sniper expert, as the court believes that the temporary trial delay adequately remedies the Government's Fed. R. Crim. Pro. 16 violation.

### 2. Sufficiency Under Federal Rule of Criminal Procedure 16

The court next considers whether the Government has provided adequate notice regarding expert sniper testimony under Rule 16(a)(1)(G)(iii). Again, the Government has made two disclosures regarding sniper testimony: the first on January 4, 2023 and the second on January 10, 2023. (Dkts. 103, 114.) It also provided expert disclosure related to Officer Reloza's weapons

---

[4] Beyond that, the Government has not put forth any reason for its delay in providing notice. To the contrary, it knew that the allegations in this matter pertained to snipers as far back as 2019 and waited until within two weeks of trial to provide notice of its intention to call an expert on snipers.

[5] In fact, Asainov proposed this is a solution to the Government's late notice in his January 13, 2023 letter. (Jan. 13 Letter (Dkt. 121) at 1.)

5

testimony on October 21, 2022 and December 2, 2022. (Dkts. 83, 89).

### a. Officer Reloza

The Government has not, to the court's knowledge, provided a signed disclosure pertaining specifically to Officer Reloza's sniper testimony. *See* Fed. R. Crim. Pro. 16(a)(1)(G)(v); (Defs.' Jan. 13 Letter at 1.)[6] A signed disclosure is not needed if the expert has provided a signed report containing their opinions and corresponding bases. *See* Fed. R. Crim. Pro. 16(a)(1)(G)(v). The Government provided Officer Reloza's report outlining his planned weapons testimony on December 2, 2022. (Dkt. 89.)[7] It later noted that this report "specifically discusses particular sniper rifles and their capabilities, in detail." (*See* Gov't Jan. 6 Expert Opp. at 7.) In its January 4, 2023 notice, however, the Government described Officer Reloza's sniper testimony as "an overview of the training that snipers undergo; the equipment necessary to function effectively as a sniper; and the variables involved in performing the role of a sniper when firing." (Dkt. 103.) The Government's description of Officer Reloza's report, as it pertains to snipers, diverges from its January 4, 2023 summary of his planned sniper-related testimony. That Officer Reloza's expert report referenced sniper rifles does not indicate that it satisfies the notice requirement for expert testimony on sniper training, mechanics, and expertise. To the extent that Officer Reloza's report does not opine on the topics laid out in the Government's January 4 notice, it does not satisfy the requirements of Fed. R. Crim. Pro. 16.

---

[6] The signature requirement went into effect on December 1, 2022, *see Cruz*, 2022 WL 17586274, at *4, n.3, and was in place when the Government disclosed its intention to call a sniper expert on January 4, 2023. (*See* Dkt. 103.)

[7] The court assumes that Officer Reloza's report was signed.

6

Accordingly, the Government must provide a supplemental signed disclosure containing a complete statement of Officer Reloza's opinions on sniper-related testimony if it would like to call him at trial. Though the Government has previously provided information regarding the bases for Officer Reloza's testimony, his qualifications, and his previous related expert testimony, the supplemental signed disclosure should also contain sufficient information to comply with the other three requirements under Fed. R. Crim. Pro. 16(a)(1)(G)(iii) as they pertain to sniper-related testimony.[8] This disclosure must be made by Friday, January 20, 2023.[9]

### b. Agent Guaragno

The Government has provided a signed disclosure for Agent Guaragno. (*See* Jan. 10 Disclosure.) The Government's January 10, 2023 disclosure specified that Agent Guaragno intends to testify to the "basic requirements for an individual to become an effective combat sniper," "the basic battlefield function of a combat sniper," and "how snipers are trained." *Id.* The disclosure also

---

[8] With its December 2, 2022 notice, the Government disclosed Officer Reloza's curriculum vitae and noted its previous production of Officer Reloza's testimony from *United States v. Kandic*. (*See* Dkt. 89.) The January 4, 2023 notice also stated that Officer Reloza has both received and provided training on marksmanship, and that he was "a squad designated marksman and sniper" in the United State Army. (Dkt. 103.) The Government has also listed the cases in which Officer Reloza previously testified. (Gov't Jan. 6 Expert Opp. at 6.) The provision of similar information in the supplemental notice, specifically pertaining to sniper testimony, would be ideal.

[9] Though this supplemental notice will, if the Government complies, be made immediately before the start of trial, the court believes that the risk of prejudice has been reduced by the 6-day trial adjournment. During this time, Asainov has had opportunity to search for his own sniper expert for cross-examination purposes. The Government's supplemental disclosure, if made, would assist a potential Defense expert in preparing for cross-examination.

referenced more specific categories of opinion within these topics. *Id.* While inclusion of more affirmative statements that Agent Guaragno intends to put forth at trial would better apprise Asainov of the details of his testimony, the court finds that the January 10, 2023 disclosure is sufficient to meet the first requirement under Fed. R. Crim. Pro. 16(a)(1)(G)(iii). *See* Fed. R. Crim. Pro. 16, Notes on Advisory Committee of Rules—2022 Amendment (noting that the Government is not required to provide "a verbatim recitation of the testimony the expert will give at trial.")

The January 10, 2023 notice also stated that Agent Guaragno's opinions would be based on his service as a Navy sniper and his oversees deployment as a Navy SEAL. (*See* Jan. 10 Disclosure.) The notice concluded by stating that Agent Guaragno has neither authored publications about snipers in the past ten years, nor testified as an expert. *Id.* These statements satisfy the three remaining requirements under Fed. R. Crim. Pro. 16(a)(1)(c)(iii). Accordingly, the January 10, 2023 notice adequately complies with the substantive disclosure obligations created by Fed. R. Crim. Pro. 16 for Agent Guaragno's expert sniper testimony.

### 3. Qualification Under *Daubert* and Rule 702

Asainov's briefing also raises concerns about Officer Reloza's qualification to testify as a sniper expert. He argues that Officer Reloza's marksman designation does not qualify him to testify about snipers, as the skills and training required for marksmen differ from those required for snipers. (*See* Defs.' Sniper Mot. at 3; Dkt. 114.) Asainov does not raise similar concerns for Agent Guaragno, but Defense counsel noted at oral argument that Agent Guaragno's qualification deserves additional inquiry because he has not previously testified as a sniper expert.

The court agrees that these remain open questions. It is not immediately apparent to the court that either expert meets the

requirements under *Daubert* and Rule 702 for proper expert testimony. A hearing is therefore needed to make such determinations. Accordingly, on the trial day that the Government plans to call Officer Reloza or Agent Guaragno to testify, the court will allow the parties to question the proffered sniper expert, whoever it may be, on the admissibility of their testimony under *Daubert* and Rule 702. This inquiry will be conducted outside the presence of the jury. If the court finds the witness qualified and that witness's expert testimony otherwise admissible, the Government can proceed to its direct examination.

Therefore, the court RESERVES JUDGMENT on whether Officer Reloza or Agent Guaragno are properly qualified as expert sniper witnesses.

### III. CONCLUSION

The court finds that the Government's disclosure of expert sniper testimony was untimely under Fed. R. Crim. Pro. 16. However, the court also finds that the 6-day trial adjournment ordered on January 13, 2023 remedies this late disclosure. The court therefore DENIES Asainov's motion to preclude the Government's expert sniper witnesses. The Government is ORDERED to provide a signed supplemental disclosure for Officer Reloza's expert sniper testimony by Friday, January 20, 2023 if it would like to call him at trial. The court will RESERVE JUDGMENT as to whether either expert is properly admissible under *Daubert* and Rule 702 until trial.

SO ORDERED.

Dated:   Brooklyn, New York
        January 18, 2023

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge