DMP/JMH/NJM/NCG
F.#2015R00517

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -                         19 CR 402 (NGG)

RUSLAN MARATOVICH ASAINOV,
      also known as "Suleiman al-Amriki "
      and "Suleiman Al-Kazakhi,"

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - -X


<u>GOVERNMENT'S REQUESTS TO CHARGE</u>



                                    BREON PEACE
                                    UNITED STATES ATTORNEY
                                    EASTERN DISTRICT OF NEW YORK



Douglas M. Pravda
J. Matthew Haggans
Nicholas J. Moscow
Nina C. Gupta
Assistant U.S. Attorneys

<u>PRELIMINARY STATEMENT</u>

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the attached instructions in its charge to the jury. The Government requests leave to offer such additional instructions as may become appropriate during the course of the trial.   The Government notes that it has largely relied on the Court's instructions in <u>United States v. Kandic</u>, No. 17-CR- 449 (NGG).

<u>REQUEST NO. 1</u>

<u>General Requests</u>

The Government requests that the Court charge the jury in its usual manner on the

following subjects:

(a)   The Role of the Court

(b)   The Duties of the Jury

(c)   Parties Are Equal Before the Court

(d)   Presumption of Innocence

(e)   Burden of Proof on Government

(f)   Proof Beyond a Reasonable Doubt

(g)   Dates Approximate

(h)   Meaning of "And" in the Indictment

(i)   What Is Evidence

(j)   What Is Not Evidence

(k)   Direct and Circumstantial Evidence

(l)   Deciding What to Believe

(m)   Discrepancies in Testimony

(n)   Interviews of Witnesses

(o)   Expert Witnesses

(p)   Testimony of Government Agents and Law Enforcement Witnesses

(q)   Accomplice Testimony

(r)   Evidence Obtained Lawfully

(s)   Other Persons Not on Trial

(t)     Specific Investigative Techniques Not Required

(u)     All Available Witnesses Need Not Be Produced

(v)     Stipulations

(w)     Audio Recordings and Transcripts

(x)     Translations

(y)     Punishment

(z)     The Defendant's Right Not to Testify (if applicable)

(aa)    General Rules Regarding Deliberations

<u>REQUEST NO. 2</u>

<u>Knowing and Intentional Conduct</u>

Each of the charges implicates the concepts of knowledge and intent.    Therefore, I will tell you up front about these concepts before addressing the charges specifically.

A defendant acts knowingly if he acts purposely and voluntarily, and not because of ignorance, mistake, accident, or carelessness.    Whether a defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

A defendant acts intentionally if he acts deliberately and purposefully.    That is, a defendant's acts must have been the product of his conscious objective rather than the product of mistake or accident.    A defendant need not have been aware of the specific law or rule that his conduct violated.

These issues of knowledge and intent require you to make a determination about the defendant's state of mind, something that rarely can be proved directly.    A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to the defendant's state of mind.    Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in a particular circumstance.    You are asked to do the same here.

<u>Authority</u>

Adapted from the Charges of the Hon. Nicholas G. Garaufis in
<u>United States v. Kandic</u>, 17-CR-449 (NGG), <u>United States v. Pugh</u>,
15-CR-116 (NGG); Sand et al., <u>Modern Federal Jury Instructions</u>
("Sand"), Form Instructions 3A-1 and 3A-4.

<u>REQUEST NO. 3</u>

<u>Conspiracy to Provide Material Support to a Foreign Terrorist Organization</u>

Count One of the Indictment charges the defendant with conspiring to provide

material support to a foreign terrorist organization, specifically, the Islamic State of Iraq and al-

Sham, or "ISIS."   Count One reads as follows:

> In or about and between December 2013 and March 2019, both
> dates being approximate and inclusive, within the Eastern District
> of New York, the extraterritorial jurisdiction of the United States
> and elsewhere, the defendant Ruslan Maratovich Asainov, also
> known as "Suleiman Al-Amriki" and "Suleiman Al-Kazakhi,"
> together with others, did knowingly and intentionally conspire to
> provide material support and resources, as defined in Title 18,
> United States Code, Section 2339A(b), including property, services
> and personnel, including himself and others, to a foreign terrorist
> organization, to wit: ISIS, which at all relevant times has been
> designated by the Secretary of State as a foreign terrorist
> organization, pursuant to Section 219 of the Immigration and
> Nationality Act, knowing that the organization was a designated
> terrorist organization and the organization had engaged in and was
> engaging in terrorist activity and terrorism, [and there is federal
> jurisdiction over the offense].

The statute relevant to Count One, and to Counts Two and Three of the Indictment, is Section

2339B(a)(1) of Title 18, United States Code, which reads in relevant part:

> Whoever knowingly provides material support or resources to a
> foreign terrorist organization, or attempts or conspires to do so [is
> guilty of a crime].

A conspiracy is a kind of criminal partnership—a combination or agreement of

two or more persons to join together to accomplish some unlawful purpose.   The crime of

conspiracy to violate a federal law is an independent offense.   It is separate and distinct from

the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense

against the United States whether or not the substantive crime which was the object of the conspiracy was actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.   This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

I will now review the elements of Count One.   To prove a violation of Section 2339B(a)(1) for conspiring to provide material support to ISIS, the Government must establish each of the following elements beyond a reasonable doubt:

First, that a conspiracy to provide material support to a foreign terrorist organization existed; and

Second, that the defendant knowingly and intentionally became a member of that conspiracy to provide material support to a foreign terrorist organization.

First Element—The Existence of a Conspiracy

A conspiracy is an agreement between two or more persons to accomplish some unlawful objective.   The gist or essence of the conspiracy is the unlawful agreement to violate the law, whether or not the participants were successful in carrying out the object of the conspiracy.

To establish the existence of a conspiracy, the Government is not required to prove that two or more persons entered into a contract, orally or in writing, stating that they have formed a conspiracy and spelling out all the details, but the Government must prove that two or more persons explicitly or implicitly came to an understanding to achieve a specified unlawful act.

You may find that the existence of an agreement between two or more persons to commit a crime has been established by direct proof.   But since a conspiracy is, by its very nature, characterized by secrecy, direct proof may not be available.   Therefore, you may infer the existence of a conspiracy from the circumstances of the case and the conduct of the parties involved.   In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.

In determining whether the Government has proven the existence of a conspiracy, you may consider the actions and statements of all those whom you find to be participants.   Ask yourselves whether they were acting together for the accomplishment of an unlawful purpose.

It is not necessary for the Government to prove that the ultimate objectives of the conspiracy were successfully accomplished.   It is enough if the Government has proved that two or more persons—one of whom is the defendant—in any way, expressly or impliedly, came to a common understanding to violate the law.

If, upon considering all the evidence, direct and circumstantial, you are satisfied beyond a reasonable doubt that at least two of the alleged conspirators agreed to work together to accomplish the object of the conspiracy, that is, to provide material support to a foreign terrorist organization, then the first element—the existence of the conspiracy—has been satisfied.

Second Element—Defendant's Membership in the Conspiracy

The second element that the Government must prove beyond a reasonable doubt is that the defendant became a member of the conspiracy with knowledge of its criminal goal and intending by his actions to help it succeed.

An individual may become a member of a conspiracy without full knowledge of all the details of the conspiracy.   However, merely being present at a place where criminal

8

conduct is underway or mere association with one or more members of the conspiracy does not automatically make a person a member of a conspiracy to commit a crime.   In addition, mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.

The fact that a defendant's acts, without knowledge, merely happen to further the purposes or objective of the conspiracy does not make the defendant a member of a conspiracy. What is required is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy, and with the intention of aiding in the accomplishment of its unlawful goal.

The extent of a defendant's participation in a conspiracy has no bearing on the issue of guilt.   Some conspirators might play major roles.   Others may play minor roles.   An equal role is not what the law requires.   In fact, even a single act may be sufficient to draw the defendant within the ambit of a conspiracy.   Moreover, a defendant need not have known the identities of each and every member of the scheme, nor need he have been apprised of all of their activities.   He need not have been fully informed as to all of the details or scope of the conspiracy.   He does not have to be a member of it for the entire time of its existence.

The key inquiry is whether the defendant joined the conspiracy charged with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.   If, upon considering all the evidence, direct and circumstantial, you are not satisfied beyond a reasonable doubt that the defendant knowingly became a member of the conspiracy charged in the Indictment, then you cannot find him guilty.   If, on the other hand, upon considering all the evidence, you find that the Government has met its burden of proving that the defendant knowingly became a member of the conspiracy charged in the Indictment, you should render a verdict of guilty.

<u>Authority</u>

Adapted from the charge of the Hon. Nicholas G. Garaufis, <u>United States v. Kandic</u>, 17-CR-449 (NGG), and Sand, Form Instructions 19-2, 19-3S, 19-4, 19-6; 18 U.S.C. § 2339B.

<u>REQUEST NO. 4</u>

<u>Material Support to a Foreign Terrorist Organization</u>

Counts Two and Three of the Indictment charge the defendant with providing and

attempting to provide material support to a foreign terrorist organization, specifically, ISIS.

These counts read as follows:

> In or about and between December 2013 and March 2019, both
> dates being approximate and inclusive, within the Eastern District
> of New York, the extraterritorial jurisdiction of the United States
> and elsewhere, the defendant Ruslan Maratovich Asainov, also
> known as "Suleiman Al-Amriki" and "Suleiman Al-Kazakhi,"
> together with others, did knowingly and intentionally provide and
> attempt to provide material support and resources, as defined in
> Title 18, United States Code, Section 2339A(b), to wit: [the means
> of support set forth below], to a foreign terrorist organization, to
> wit: ISIS, which at all relevant times has been designated by the
> Secretary of State as a foreign terrorist organization, pursuant to
> Section 219 of the Immigration and Nationality Act, knowing that
> the organization was a designated terrorist organization and the
> organization had engaged in and was engaging in terrorist activity
> and terrorism, [and there is federal jurisdiction over the offense].

| <u>**Count**</u> | <u>**Type of Material Support**</u> |
|---|---|
| Count Two | personnel (the defendant himself and others) |
| Count Three | property and services, including training, expert advice and assistance, weapons and explosives |

**<u>Providing Material Support to a Foreign Terrorist Organization</u>**

To prove a violation of Section 2339B(a)(1) for providing material support to

ISIS, the Government must establish each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant provided material support or resources;

<u>Second</u>, that the defendant provided this support or these resources to a foreign

terrorist organization, specifically ISIS;

<u>Third</u>, that the defendant did so knowingly and intentionally; and

Fourth, that there was federal jurisdiction over the offense.

Let me explain these elements in more detail.

First Element—Material Support or Resources

The first element is that the defendant provided material support or resources. The term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel, and transportation, except medicine or religious materials.

The term "training" means instruction or teaching designed to impart a specific skill, as opposed to general knowledge.

The term "expert advice or assistance" means advice or assistance derived from scientific, technical or other specialized knowledge.

The term "personnel" means one or more persons, which can include the defendant himself.

The defendant can be convicted for a violation of this statute in connection with providing personnel if you find that he has knowingly provided one or more individuals, which may include himself, to work under ISIS's direction or control.    However, the defendant cannot be convicted for providing personnel if he was providing himself or another individual to work entirely independent of ISIS to advance its goals and objectives.

Second Element—Foreign Terrorist Organization

The second element you must find beyond a reasonable doubt is that the defendant provided these resources to a "foreign terrorist organization," namely, ISIS.    I

instruct you as a matter of law that ISIS has been designated a "foreign terrorist organization" by the United States Secretary of State, and was so designated under a previous name, "al-Qaeda in Iraq" by the Secretary on October 15, 2004.   I instruct you that in May 2014, the Secretary of State amended the designation to add the alias Islamic State of Iraq and the Levant ("ISIL") as the primary name of this foreign terrorist organization, and added the following aliases to the ISIL listing: the Islamic State of Iraq and al-Sham ("ISIS"), the Islamic State of Iraq and Syria ("ISIS"), ad-Dawla al-Islamiyya fi al-'Iraq wa-sh-Sham, Daesh, Dawla al Islamiya, and Al-Furqan Establishment for Media Production.   I instruct you that in September 2015, the Secretary of State added the following aliases to the listing: Islamic State, ISIL, and ISIS. Consequently, if you find beyond a reasonable doubt that the defendant provided "material support or resources," as I have just defined the term, to ISIS during the period charged in the Indictment, you should find that the Government's burden with respect to the element of "foreign terrorist organization" has been met.

Third Element—Knowing and Intentional

The third element you must find beyond a reasonable doubt is that in providing material support or resources to ISIS, the defendant did so knowingly and intentionally.   I previously explained to you the definitions of "knowingly" and "intentionally."   For this element to be satisfied, the Government must prove that the defendant knew one of the following three things: (1) that ISIS had been designated by the Secretary of State as a "foreign terrorist organization"; (2) that ISIS engaged in "terrorist activity"; or (3) that ISIS engaged in "terrorism."

For these purposes, the term "terrorist activity" includes any of the following actions:

13

1. Hijacking or sabotage of an aircraft, vessel, vehicle, train, or other conveyance;

2. Seizing, detaining, or threatening to kill, injure or further detain another person to compel or coerce some third party, including a government, to do or abstain from doing some act;

3. A violent attack upon an internationally protected person, including employees and officials of governments or international organizations;

4. Assassination;

5. Use of any chemical, biological, or nuclear weapons or device, with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property;

6. Use of any explosive, firearm, or other weapon or dangerous device, other than for monetary gain and with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property; or

7. A threat, attempt, or conspiracy to do any of the foregoing.

For these purposes, the term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by sub-national groups or clandestine agents.

Fourth Element—Federal Jurisdiction

The fourth element is that there was federal jurisdiction over the offense.    For this element to be satisfied, the Government must prove only one of the following five things:

1. The defendant was a national of the United States;

2.   After the conduct required for the offense occurred, the defendant was brought into or found in the United States, even if the conduct required for the offense occurred outside the United States;

3.   The offense occurred in whole or in part within the United States;

4.   The offense occurred in or affected interstate or foreign commerce; or

5.   The defendant aided, abetted, or conspired with any person over whom jurisdiction exists, including any person who meets one of the previous four criteria or a national of the United States.

With respect to the first option, I instruct you as a matter of law that citizens of the United States are also considered "nationals" of the United States.   With respect to the second option, it does not matter if the defendant was brought into the United States by law enforcement personnel; it is sufficient to satisfy this element so long as you find that he was brought into the United States after the conduct required for the offense occurred.   With respect to the fourth option, the Government need prove only that there was a minimal effect on interstate or foreign commerce.   Any effect, even an indirect or slight one, is sufficient, and that effect may be harmful or beneficial to interstate or foreign commerce.

I remind you that the Government need prove only one of these five alternatives for you to find this element satisfied; the Government need not prove all five.

**Attempting to Provide Material Support to a Foreign Terrorist Organization**

In both Counts Two and Three, the Government charged the defendant in the alternative with providing material support to a foreign terrorist organization, attempting to provide material support to a foreign terrorist organization, and aiding and abetting the provision of material support to a foreign terrorist organization.

15

If you find that the Government proved beyond a reasonable doubt that the defendant provided material support to a foreign terrorist organization, you need not consider these alternatives.   But if you find that the Government did not prove beyond a reasonable doubt that the defendant provided material support to a foreign terrorist organization, you must consider whether the Government proved beyond a reasonable doubt that the defendant attempted to provide material support to a foreign terrorist organization or aided and abetted the provision of material support to a foreign terrorist organization.

I will address attempt first and will then turn to aiding and abetting.   I remind you that, the Government need prove only one of these three alternatives for you to find the defendant guilty on the count under consideration; the Government need not prove all three.

To prove a violation of Section 2339B(a)(1) for attempting to provide material support to ISIS, the Government must establish each of the following elements beyond a reasonable doubt:

First, that the defendant intended to commit the crime of providing material support to a foreign terrorist organization; and

Second, that the defendant did some act that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt.   In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on

the one hand, and the actual doing of the criminal deed on the other.    Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.    The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.    A defendant may be convicted of attempt even where significant steps necessary to carry out the substantive crime are not completed.    Furthermore, a substantial step towards the provision of material support need not be planned to culminate in actual terrorist harm, but only in support—even benign support—for an organization committed to such harm.

### Aiding and Abetting the Provision of Material Support to a Foreign Terrorist Organization

As I previously explained, "aiding and abetting" is an alternate legal theory under which the Government can prove the defendant guilty of the crimes charged in Counts Two and Three, as well as Count Four, which I will discuss later.

The "aiding and abetting" statute is Title 18 of the United States Code, Section 2, which provides, in relevant part: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal."

Under the aiding and abetting statute, it is not necessary for the Government to show that a defendant himself physically committed the crime charged in the count under consideration in order for the Government to sustain its burden of proof.    This is so because, under the law, a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

17

Accordingly, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the Government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

In order to find the defendant guilty of aiding and abetting a crime, you must first find that some person did actually commit the crime charged.   Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place.   But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associate himself in some way with the crime, and that he participate in the crime by doing some act to help make the crime succeed.   To establish that the defendant knowingly associated himself with the crime, the Government must establish that the defendant knew and intended that the crime charged be committed.   To establish that the defendant participated in the commission of the crime, the Government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.   One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and

abettor.    An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether the defendant aided or abetted the commission of the crime charged, or caused the commission of that crime, ask yourself these questions:

First, did the defendant participate in the crime charged as something he wished to bring about?

Second, did the defendant knowingly associate himself with the criminal venture?

Third, did the defendant seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.

## Co-Conspirator Liability

There is one additional method by which you must evaluate the possible guilt of the defendant of the substantive crimes charged in Counts Two and Three, as well as in Count Four, which I will discuss later.   Even if you do not find the Government has proven beyond a reasonable doubt the defendant's personal participation in providing material support to a foreign terrorist organization, attempting to provide material support to a foreign terrorist organization, and aiding and abetting the provision of material support to a foreign terrorist organization, you must evaluate the defendant's possible guilt on the basis of what is called co-conspirator liability.

Under this theory of liability, you must first find that the Government has proven beyond a reasonable doubt that the defendant is guilty on Count One (conspiring to provide material support to a foreign terrorist organization); then, under certain specific conditions that I

will explain to you, you may—but are not required to—find the defendant guilty of the substantive crimes charged against him in Counts Two, Three and Four.

In order to find the defendant guilty using this theory of co-conspirator liability, you must find that the Government has proven beyond a reasonable doubt each of the following five additional elements:

First, that someone in fact committed the substantive crime charged in the count under consideration;

Second, that the person or persons who committed that substantive crime were members of the conspiracy charged in Count One;

Third, that the commission of the substantive crime charged in the count under consideration was pursuant to a common plan and understanding that you found to exist among the conspirators;

Fourth, that the defendant was a member of the conspiracy charged in Count One at the time that the substantive crime charged in the count under consideration was committed; and

Fifth, that the defendant could reasonably have foreseen that one of his coconspirators might commit the substantive crime charged in the count under consideration. An offense by a co-conspirator is deemed to be reasonably foreseeable if it is a necessary or natural consequence of the unlawful agreement.

If you find that the Government has proven all five of these elements beyond a reasonable doubt, then you may find the defendant guilty of the substantive crime charged in the count under consideration, even if the defendant did not personally participate in the acts

constituting the crime and even if he did not have actual knowledge of it.    However, that offense must have been foreseeable to the defendant.

The reason for this rule is simply that a co-conspirator who commits a substantive crime pursuant to a conspiracy is regarded as a partner of the other conspirators.    Therefore, all of the co-conspirators must bear criminal responsibility for the commission of the foreseeable substantive crimes committed by its members.

If, however, you are not satisfied as to the existence of any of these five elements, then you may not find the defendant guilty of the substantive crime charged in the count under consideration, unless the Government proves, beyond a reasonable doubt, that the defendant personally committed, attempted to commit, or aided and abetted the commission of, that crime, under the instructions that I have provided to you above. This theory of co-conspirator liability can only be used to find the defendant guilty of the substantive offenses for providing material support to a foreign terrorist organization as charged in Counts Two and Three and receipt of military-type training from a foreign terrorist organization as charged in Count Four.    It cannot be used to prove that death resulted from the commission of any offenses.    That is a separate determination that must be made in accordance with the next instruction.

<u>Authority</u>

Adapted from 18 U.S.C. §§ 2339A, 2339B; Charges of the Hon. Nicholas G. Garaufis in <u>United States v. Kandic</u>, 17-CR-449 (NGG), <u>United States v. Pugh</u>, 15-CR-116 (NGG); Charge of the Hon. Brian M. Cogan in <u>United States v. al-Farekh</u>, 15-CR-268 (BMC); Charge of the Hon. Brian M. Cogan in <u>United States v. Harun</u>, 12-CR-134 (BMC); Charge of the Hon. Katherine B. Forrest in <u>United States v. Mustafa</u>, No. 04-CR-356 (S.D.N.Y.) (<u>Pinkerton</u>/co-conspirator liability); <u>see</u> <u>United States v. Pugh</u>, 945 F.3d 9, 20 (2d Cir. 2019) (substantial step); Sand, Form Instructions 10-1 (attempt), 11-2 (aiding and abetting), 19-13 (<u>Pinkerton</u>/co-conspirator liability), 30-2, 30-3, 30-4 comment, 30-5, 30-6 comment.

21

<u>REQUEST NO. 5</u>

<u>"Death Results" Element & Special Verdict Form</u>

The government has charged that the offenses in Counts One and Three each resulted in the death of one or more persons.   Accordingly, if you find the defendant guilty on Count One or on Count Three, then there is one more issue that you must decide for that count: you must determine whether the Government has also proven beyond a reasonable doubt that a death resulted from the commission of that offense.

In order to prove that a death resulted from the commission of an offense, the Government must prove beyond a reasonable doubt that a person's death was a consequence of the offense being committed.   That means that the Government must prove beyond a reasonable doubt that but for the commission of the offense, the person would not have died.

To elaborate further, the commission of the offense must be a but-for cause of the person's death, but it need not be the sole cause.   It is sufficient if the Government proves that the commission of the offense combined with other factors to cause the person's death, so long as these other factors would not have resulted in the person's death even if the offense did not happen.   In other words, the commission of the offense, when combined with other factors, is an actual cause of the death, only if the person's death would not have occurred but for the effect of the commission of the offense.   However, it is not enough that the commission of the offense merely played a nonessential contributing role in the death.   If the death would have occurred regardless of whether the offense happened, then the person's death did not result from the commission of the offense.

The Government is not required to prove that the defendant, or anyone else, intended to cause the person's death or that the person's death was foreseeable to the defendant

or others.    The Government does not have to prove that any act personally done by the defendant caused the person's death.    What the Government needs to prove beyond a reasonable doubt is only that the defendant is guilty of committing the offense under the law previously explained and that if the offense had not been committed, the person would not have died.

If the particular count alleges the death of one or more persons, it is sufficient that the Government prove beyond a reasonable doubt that the offense resulted in the death of one such person.    However, in order to find that the Government has proven that the commission of the offense resulted in a death, you must be unanimous as to the person's death that you are considering.    It is not enough for some of you to find that the Government has proven one person's death and others of you to find that the Government has proven a different person's death.    In other words, if you find that a death resulted, you all must agree as to that specific death.

With respect to Count One, you must find that a death resulted from the conspiracy charged in the Indictment if you find beyond a reasonable doubt that the death was a consequence of that conspiracy.    With respect to Count Three, you must find that a death results from the offense charged in the Indictment if you find beyond a reasonable doubt that the death was a consequence of that offense.

If you conclude that the Government has proven beyond a reasonable doubt that the defendant committed an offense charged in Count One or Count Three but the Government has not proven beyond a reasonable doubt that a death resulted from that offense, you should check "Guilty" as to that offense on your verdict form but check "Not Proven" to indicate that a death did not result from the commission of the offense.    If you conclude that the Government has proven beyond a reasonable doubt both that the defendant committed an offense charged in

Count One or Count Three and that a death resulted from that offense under the instructions I have explained above, then you should check "Guilty" as to that offense on your verdict form and check "Proven" to indicate that a death resulted from the commission of the offense.

Authority

Adapted from Charge of the Hon. Nicholas G. Garaufis in <u>United States v. Kandic</u>, No. 17-CR-449 (NGG); <u>see</u> Charge of the Hon. T.S. Ellis III in <u>United States v. Elsheikh</u>, 20-CR-239 (D.D.C.); <u>Burrage v. United States</u>, 571 U.S. 204 (2014); <u>United States v. Felder</u>, 993 F.3d 57, 68 (2d Cir. 2021); <u>United States v. Guillette</u>, 547 F.2d 743, 748 (2d Cir. 1976); 18 U.S.C. § 2339B(a)(1); <u>see also</u> Charge of the Hon. Christopher R. Cooper in <u>United States v. Al-Imam</u>, 17-CR-213 (D.D.C.).

## REQUEST NO. 7

### Receipt of Military-Type Training From a Foreign Terrorist Organization

Count Four charges the defendant as follows:

In or about and between January 2014 and March 2019, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant Ruslan Maratovich Asainov, also known as "Suleiman Al-Amriki" and "Suleiman Al-Kazakhi," together with others, did knowingly and intentionally receive military-type training, as defined in Title 18, United States Code, Section 2339D(c), from and on behalf of a foreign terrorist organization, to wit: ISIS, knowing that ISIS was a designated foreign terrorist organization and that ISIS had engaged in terrorist activity and terrorism, and the defendant was a national of the United States (as defined in Section 101(a)(22) of the Immigration and Nationality Act), the offense occurred in and affected interstate and foreign commerce and, after the conduct required for this offense occurred, the defendant was brought into and found in the United States.

The statute relevant to Count Four is Title 18, United States Code, Section 2339D, which provides as follows:

Whoever knowingly receives military-type training from or on behalf of any organization designated at the time of the training by the Secretary of State under section 219(a)(1) of the Immigration and Nationality Act as a foreign terrorist organization [is guilty of a crime].

The elements of Count Four, receiving military-type training from a foreign terrorist organization, are as follows:

First, the defendant received military-type training from or on behalf of an organization;

Second, the organization was a designated foreign terrorist organization at the time of the military-type training;

Third, the defendant acted knowingly and intentionally; and

Fourth, there was federal jurisdiction over the offense.

First Element—Receipt of Military-Type Training

The defendant "received" military-type training from a foreign terrorist organization if he was provided, was given, or otherwise obtained such training from that organization.

"Military-type training" means training in means or methods that can cause death or serious bodily injury, destroy or damage property, or disrupt services to critical infrastructure, or training on the use, storage, production, or assembly of any explosive, firearm, or other weapon.

"Serious bodily injury" means a bodily injury that involves a substantial risk of death; extreme physical pain; protracted and obvious disfigurement; or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

The term "critical infrastructure" means systems and assets vital to national defense, national security, economic security, public health, or safety, including both regional and national infrastructure. Critical infrastructure may be publicly or privately owned. Examples of critical infrastructure include gas and oil production, storage, or delivery systems, water supply systems, telecommunications networks, electrical power generation or delivery systems, financing and banking systems, emergency services (including medical, police, fire, and rescue services), and transportation systems and services (including highways, mass transit, airlines, and airports).

Second Element—Training from a Designated Foreign Terrorist Organization

The second element of Count Four that the government must prove beyond a reasonable doubt is that he received the military-type training from a foreign terrorist organization that was designated as such at the time.   I have already instructed you as a matter

of law that ISIS has been designated a "foreign terrorist organization" by the United States

Secretary of State, and refer you to my earlier instructions.    Consequently, if you find beyond a

reasonable doubt that the defendant received "military-type training," as I have just defined that

term, from ISIS during the period charged in the Indictment, you should find that the

Government's burden with respect to the element of "foreign terrorist organization" has been

met.

Third Element—Knowingly and Intentionally

       The third element you must find beyond a reasonable doubt is that in receiving

military-type training from ISIS, the defendant did so knowingly and intentionally.    I previously

explained to you the definitions of "knowingly" and "intentionally."    For this element to be

satisfied, the Government must prove that the defendant knew one of the following three things:

(1) that ISIS had been designated by the Secretary of State as a "foreign terrorist organization";

(2) that ISIS engaged in "terrorist activity"; or (3) that ISIS engaged in "terrorism."    I refer you

to my earlier instructions on the definitions of "terrorist activity" and "terrorism."

Fourth Element—Federal Jurisdiction

       In my instructions for Counts One, Two, and Three, I instructed you on the five

ways in which the government can prove, beyond a reasonable doubt, that there was federal

jurisdiction, and I refer you to those previous instructions.    I remind you that the Government

need prove only one of these five alternatives for you to find this element satisfied; the

Government need not prove all five.

Authority

Adapted from United States v. Ahmed, 94 F. Supp. 3d 394, 423-
24, 12-CR-661 (SLT) (E.D.N.Y. 2014); Charge of the Hon. Paul
G. Gardephe, United States v. Saab, 19-CR-676 (PGG) (S.D.N.Y.);

Charge of the Hon. Alvin K. Hellerstein, <u>United States v. Kourani</u>, 17-CR-417 (AKH) (S.D.N.Y.); <u>see also</u> 18 U.S.C. § 2339D.

REQUEST NO. 8

Obstruction of Justice

Count Five charges the defendant as follows:

> In or about and between November 2014 and March 2019, both
> dates being approximate and inclusive, within the Eastern District
> of New York and the extraterritorial jurisdiction of the United
> States, the defendant Ruslain Maratovich Asainov, also known as
> "Suleiman Al-Amriki" and "Suleiman Al-Kazakhi," together with
> others, did . . .   knowingly, intentionally and corruptly alter,
> destroy, mutilate and conceal a record, document and other object,
> and attempt to do so, with the intent to impair the object's integrity
> and availability for use in an official proceeding, to wit: the Grand
> Jury Terrorism Investigation, and obstruct, influence and impede
> an official proceeding, to wit: the Grand Jury Terrorism
> Investigation, and attempt to do so.

The statute relevant to Count Five is Title 18, United States Code, Section

1512(c), which provides as follows:

> Whoever corrupt alters, destroys, mutilates, or conceals a record,
> document, or other object, or attempts to do so, with the intent to
> impair the object's integrity or availability for use in an official
> proceeding; or otherwise obstructs, influences, or impedes any
> official proceeding, or attempts to do so, [is guilty of a crime].

Count Five charges the defendant with obstruction of justice in connection with

two theories.   First, the Government alleges that the defendant corruptly altered, destroyed,

mutilated, or concealed a record, document or object in order to impair its use in a grand jury

investigation, in violation of Section 1512(c)(1).   Second, the Government alleges that the

defendant otherwise obstructed, influenced and impeded the grand jury investigation, in violation

of Section 1512(c)(2).   To find the defendant guilty of Count Five, you must find beyond a

reasonable doubt not only that he committed one or both of these crimes, but you must also

unanimously agree on which of these crimes the defendant committed.

The elements of 1512(c)(1), alteration or destruction of records, are as follows:

First, the defendant altered (or destroyed or mutilated or concealed) any record, document, or tangible object;

Second, the defendant acted with the intent to impair the object's integrity or availability in an official proceeding; and

Third, the defendant acted corruptly.

First Element—Alteration of a Record

The first element the Government must prove beyond a reasonable doubt is that the defendant altered (or destroyed or mutilated or concealed) any record, document or tangible object.

Second Element—Intent to Impair an Official Proceeding

The second element the Government must prove beyond a reasonable doubt is that the defendant acted with the intent to impair the object's integrity or availability in an official proceeding.   An official proceeding means a proceeding before a court, judge or federal agency.   The proceeding may be civil or criminal.   You are instructed that a proceeding before a federal grand jury is an official proceeding.   The law does not require that the federal proceeding be pending at the time of the defendant's actions as long as the proceeding was foreseeable such that the defendant knew that his actions were likely to affect the proceeding. Rather, it is sufficient for the purposes of Count Five that the Government prove that the defendant believed his actions were likely to affect a particular, existing or foreseeable official proceeding.

Third Element—Acted Corruptly

The third element the Government must prove beyond a reasonable doubt is that the defendant acted corruptly.   To act corruptly means to act with an improper purpose and to

engage in conduct knowingly and dishonestly and with the intent to obstruct, impede or influence the due administration of justice.

The elements of 1512(c)(2), obstruction of an official proceeding, are as follows:

First, the defendant obstructed, influenced or impeded an official proceeding; and

Second, the defendant acted corruptly.

I have previously defined "official proceeding" and "acted corruptly," and those terms mean the same thing in this context.

If you unanimously find that the government has proven beyond a reasonable doubt all elements of either a violation of 1512(c)(1), a violation of 1512(c)(2), or both, then you must find the defendant guilty, and check off on the verdict form each such section about which you unanimously agree.   If, on the other hand, you unanimously agree that the government has not proven either such violation, then you must find the defendant not guilty on Count Five.


Authority

Adapted from Charges of the Hon. Nicholas G. Garaufis in United States v. Pugh, 15-CR-116 (NGG); and the Hon. Pamela K. Chen in United States v. Hilliard, 19-CR-358 (PKC).

<u>CONCLUSION</u>

The government respectfully requests that the Court include the foregoing in its instructions to the jury.

Dated:  Brooklyn, New York
          January 20, 2023

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney

                        By:          /s/
                                        Douglas M. Pravda
                                        J. Matthew Haggans
                                        Nicholas J. Moscow
                                        Nina C. Gupta
                                        Assistant United States Attorneys