# LAW OFFICES OF SUSAN G. KELLMAN
25 EIGHTH AVENUE • BROOKLYN, NEW YORK 11217
(718)783-8200 • FAX(718)783-8226 • SGK@KELLMANESQ.COM
FELLOW, AMERICAN COLLEGE OF TRIAL LAWYERS

January 28, 2023

By ECF
Hon. Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11202

<u>U.S. v. Ruslan Asainov,</u> 19 Cr. 402 (NGG)
(Response to Government's Proposed Jury Charge)

Dear Judge Garaufis:

      We write to address the government's proposed jury charge and to request a special verdict sheet that ensures the jury does not convict Mr. Asainov of a homicide based on an unspecified death. This letter supplements and incorporates the defense's redline version of the government's proposed charge, filed contemporaneously.

## DISCUSSION

**A. The Court Should Not Include a *Pinkerton* Charge on Co-Conspirator Liability in its Instructions to the Jury (Addressing Govt. Requested Jury Instruction No. 4)**

      The *Pinkerton* charge is "not to be given as a matter of course." *United States v. Sperling*, 506 F.2d 1323 (2d Cir. 1974); *United States v. Salameh*, 152 F.3d 88, 149 (2d Cir. 1998) (same). Here, it should not be used to allow the government to seek criminal liability for unspecified homicides at unspecified dates and times.

      To date, the government has failed to specify which homicides it will seek to prove for Count One, or even focus on just Mr. Asainov's conduct, in its case-in-chief. Thus, for example, the government has informed that its witness, Mr. Lorenzo Vidino, will testify about the shooting attack near the Canadian Parliament building in Ottawa, Canada, in October of 2014; the shooting attack at the offices of the satirical newspaper Charlie Hebdo in Paris, France in January 2015; the shooting attack at an art exhibition in Garland, Texas, in May 2015; coordinated bombing and shooting attacks in Paris, France, in November 2015; the Pulse nightclub shooting in Orlando, Florida; and airport and subway bombing attacks in Brussels and Sri Lanka, despite the admitted lack of any link between Mr. Asainov and any of those attacks *See* Vidino Expert Disclosure, Appendix A at 2. Apparently, what the government wants is to show just two things – viz, (i) Mr. Asainov supports ISIS; and (ii) ISIS kills people – so it's okay to hold Mr. Asainov responsible as a "co-conspirator" for any and all ISIS-related deaths. The government, however, should not be permitted to paper over the deliberate vagueness inherent in its chosen trial strategy with a

*Pinkerton* charge that improperly would hold Mr. Asainov responsible for the conduct by tens of thousands of unknown people around the world, or the death of any person or combatant killed by ISIS as part of a Syrian civil war.

Moreover, the requested *Pinkerton* charge would not just infect the conspiracy count in Count One. It would, by its nature, taint convictions regarding any other count(s), as there would be no way to determine whether the jury convicted on those other counts based on the *Pinkerton* charge.

*Pinkerton* itself informs why the charge is inappropriate here. In *Pinkerton*, Justice Douglas wrote that the "unlawful agreement contemplated precisely what was done. It was formed for the purpose. The act done was in execution of the enterprise." *Pinkerton v. United States*, 328 U.S. 640, 647 (1946). The issue in *Pinkerton*, therefore, was whether a conspirator is responsible for the precise objective of the wrongful agreement. But that kind of precision is impossible for an organization comprised of tens of thousands of people. It would be like holding an individual American soldier stationed in South Korea liable for a death caused by U.S. military action in Somalia because that soldier (i) supported the U.S. Army; and (ii) the U.S. Army undertook that action to further American interests. While farfetched, this example is precisely the kind of diffuse and unjustifiably expansive co-conspirator liability the government improperly seeks to impose on Mr. Asainov. Nothing in the American tradition of accomplice liability permits holding people individually responsible on the scale that the government is proposing.

In effect, what the government seeks to argue, and asks the Court to charge to the jury, is that ISIS is itself a giant criminal conspiracy whose scope can be inferred from any ISIS-claimed act or statement. One may not, however, "infer the existence of a conspiracy from the series of disparate criminal offenses." *Salameh*, 152 F.3d at 149. Further, ISIS is an organization, which is not the same thing as a conspiracy. *See, e.g., United States v. Applins*, 637 F.3d 59, 72-79 (2d Cir. 2011) (explaining difference between an enterprise and a conspiracy under RICO). The government still must prove that Mr. Asainov had a specific meeting of the minds with specific co-conspirators to achieve a specific goal. *See, e.g., Salameh*, 152 F.3d at 149; *United States v. Corr*, 543 F.2d 1042, 1050 (2d Cir. 1976); *United States v. Borelli*, 336 F.2d 376, 384 (2d Cir. 1964) (Friendly, J.) (recognizing that conspiracy requires "the making of an agreement"); *United States v. Perez*, 489 F.2d 51, 61 (5th Cir. 1973) ("To conspire is to agree – the presence of an agreement is the primary requirement for the establishment of a conspiracy, the commission of an overt act in furtherance being attendant."). For these reasons, the Court should not include a *Pinkerton* charge in its instructions to the jury.

**B. The Government Must Identify a Specific Death or Deaths Resulting From "But For" Causation (Addressing Govt. Requested Jury Instruction No. 5)**

As the Court correctly recognized through its jury instructions in *United States v. Kandic*, 17 Cr. 449 (NGG), the government bears the burden of establishing that Mr. Asainov was the "but for" cause without which some identified decedent would still be alive. In *Burrage v. United States*, 571 U.S. 204, 212 (2014), the United States Supreme Court emphasized the importance of this exacting but for standard, analogizing it to a baseball game where the same act (a solo home run) may or may not be a "but for" cause of the win depending on whether the score is 1-0 or 5-2. The government's serial attempts throughout its proposed jury charge to water down the "but for"

2

causation requirement and replace it with the just the word "cause" or similar obfuscation, should be rejected by the Court. It is critical that the charge delivered to the jury be clear, in all places, that merely causing or contributing to a death is insufficient, and that only "but for" causation will suffice for Mr. Asainov to be found guilty of the "death results" elements.[1]

If the Court were to adopt the government's contention that "but for" causation is not strictly required, it would radically and improperly expand "death results" liability in conspiracy cases. It would, for example, impose "death results" liability for drug sales that a defendant played no part in; had no knowledge of; and were unforeseeable to him, so long as the deadly drugs were sold somewhere in the world by a member of the same narcotics organization. This is not the law.

In *United States v. Sica*, 676 F. App'x 81 (2d Cir. 2017), the Second Circuit, in affirming a "death results" charge for a narcotics conspiracy, explained that – even in a conspiracy case – the defendant's drug sale had to be the "but for cause" of the death at issue:

> In explaining the causation requirement, *Burrage* distinguished between instances in which **the defendant's narcotics trafficking** "merely played a nonessential contributing role" in the death, which does not suffice to establish causation, and instances in which the "incremental effect" of the drugs was the "straw that broke the camel's back," which does suffice. *Burrage v. United States*, 134 S. Ct. at 888. The record fixes this case firmly within the latter category, as toxicology reports and witness accounts provided a sufficient basis to conclude that **the narcotics sold by Sica were essential to the victims' deaths, and therefore a but-for cause.**

*Sica*, 676 F. App'x at 84 (emphases added). This holding accords with other circuit courts that have held that a "death results" drug conviction can only be obtained where the defendant was personally part of the chain of distribution for the drugs at issue. *See United States v. De La Cruz*, 514 F.3d 121, 128 (1st Cir. 2008) (affirming death results conspiracy conviction where the drug "was distributed as part of the charged conspiracy, and defendant himself was in the chain of distribution"); *United States v. Sadler*, 24 F.4th 515, 561 (6th Cir. 2022); *United States v. Walker*, 721 F.3d 828, 831 (7th Cir. 2013), *cert. granted on other grounds*, 572 U.S. 1111 (2014).[2]

---

[1] This is not the only attempt by the government to use the jury instructions to improperly water down its burden. A conspiracy requires an agreement. *See, e.g., United States v. Borelli*, 336 F.2d 376, 384 (2d Cir. 1964) (Friendly, J.) (recognizing that conspiracy requires "the making of an agreement"); *United States v. Perez*, 489 F.2d 51, 61 (5th Cir. 1973) ("To conspire is to agree – the presence of an agreement is the primary requirement for the establishment of a conspiracy"). Yet, in its Request No. 3, the government seeks to have the Court instruct the jury that a conspiracy is "<u>**a combination or** </u>agreement," potentially allowing the jury to find a conspiracy without an agreement. Notably, unlike the word "agreement," the word "combination" is left undefined in the rest of the jury charge, allowing the jury to speculate as to what it means (but secure that it means something other than an agreement because of the use of the disjunctive "or"). This highlighted language, which was added by the government to the Court's *Kandic* instruction, is improper and will unnecessarily confuse the jury. It should be removed.

[2] The government may contend that *United States v. Felder*, 993 F.3d 57 (2d Cir. 2021), somehow undermines the "but for" causation requirement in this circuit. If so, the government would be wrong. In *Felder*, the defendant was charged with *substantive* counts of carjacking resulting in

3

Equally flawed is the government's improper attempt to have the jury reach a "death results" where no specified decedent has been identified by the government. Among other things, the government's gambit wrongly invites the jury to reach a verdict without agreement as to who was killed, with some jury members thinking it was one death and some of them thinking it was some other death.

When a "death results" element is added to an indictment, it transforms the charged offense into a form of homicide – which requires the government to prove the actual death and the defendant's "but for" causation of that death. *See, e.g.,* 18 U.S.C. §§ 1958(a) (murder for hire), 2113(e) (bank robbery), 2119(3) (carjacking), 2339B (material support). Here, where the government's case-in-chief vaguely references multiple, unspecified deaths – *i.e.*, deaths in Syria and elsewhere – the jury instructions and special verdict sheet must provide clarity as to which, if any, of these homicides the government contends was "but for" caused by Mr. Asainov, and as to which the jury is being asked to convict. In this regard, the verdict form should require the jury to indicate clearly which specific deaths they find (or do not find) Mr. Asainov guilty of causing.

In *Kandic*, this Court properly required the government to identify Jake Bilardi as the person who had died as the result of Kandic's actions. Likewise, in *United States v. Elsheikh*, 20-CR-239 (E.D. Va.), the indictment, and later the verdict sheet, identified James Foley, Joel Sotloff, and two other individuals by name. Moreover, the *Elsheikh* prosecution was grounded in specific hostage-taking episodes in which these four individuals were kidnapped, held, and then killed. Accordingly, none of the vagueness attendant to this case – where the government apparently hopes to obtain a verdict without ever identifying anyone actually "but for" killed by Mr. Asainov – was present in *Elsheikh*.

For all these reasons, the Court should ensure that its jury instructions and verdict sheet make clear that both "but for" causation and a specific identified decedent(s) is required for conviction.

## **CONCLUSION**

For the reasons stated here and the accompanying redline, the defense (i) objects to the *Pinkerton* charge; (ii) objects to any causation language that suggests anything lower than a strict "but for" causation standard suffices; (iii) objects to any charge or verdict sheet that would permit the jury to convict Mr. Asainov based on the death of an unspecified and unidentified individual; (iv) requests that the Court adopt each of the proffered language changes set forth in the

---

death for shooting victims in the back of the head after stealing their cars. *Id.* at 62. There was no question that the bullets were a "but for" cause of the deaths. The defendant argued to the jury, however, that he was merely present, that another defendant shot the victims, and that the shootings were unforeseeable to him. *Id.* at 62, 78. The defendant therefore requested a proximate cause instruction which would have required the deaths to be foreseeable to him, and, on appeal, argued that "the district court erred in charging but-for causation without further charging proximate causation." The appeal and the Second Circuit's decision, therefore, had nothing to do with the "but for" causation charge. Indeed, the Felder court emphasized that there was no proximate cause requirement in the statute, only "a requirement of actual or but for causation," which *Felder* further characterized as "the *Burrage* conclusion." *Id.* at 69.

4

accompanying redline; and (v) requests that the Court grant the defendant such other and further relief as it deems to be just and proper.

                                      Respectfully submitted,

                                      *Susan G. Kellman*

                                      Susan G. Kellman
                                      Sabrina P. Shroff
                                      *Attorneys for Ruslan Asainov*

Attachment (Redline)

cc: All counsel of record (by ECF)